■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RAMOS, Appellant. — Mahoney, P. J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered October 29, 1982, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

Defendant was indicted and charged with two counts of second degree assault based on an incident of June 17, 1982 in which, while an inmate at Elmira Correctional Facility, he threw a chair at a correction officer. Defendant pleaded guilty to attempted assault in the second degree in full satisfaction of the indictment and was sentenced to an indeterminate term of imprisonment of 1½ to 3 years, to run consecutive to the sentence he was then serving. Defendant has appealed, claiming that the statute pursuant to which he was sentenced is unconstitutional.

Defendant was indicted pursuant to Penal Law § 120.05 (7) which, in effect, raises conduct which would constitute third degree assault to second degree assault where the actor commits the act while imprisoned pursuant to a criminal charge or judgment of conviction. A conviction pursuant to this provision carries a sentence consecutive to the term the defendant was serving unless the trial court provides otherwise in the interest of justice (Penal Law § 70.25 [5]). Defendant contends that these statutory provisions are unconstitutional. Since defendant did not raise this challenge before the trial court, but raises it for the first time on appeal, the issue has been waived (*see, People v Drummond,* 40 NY2d 990, 993, *cert denied sub nom. New York v Luis J.,* 431 US 908; *People v Balls,* 105 AD2d 981).

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.