■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON THOMPSON, Appellant. [731 NYS2d 261] —Carpinello, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered January 25, 1999, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

Defendant, a prison inmate, disposed of a four-count indictment by pleading guilty to attempted assault in the second

---

* The disclosure by the juror was prompted by Supreme Court's admonition to jurors not to visit the crime scene.

degree, entered by way of an *Alford* plea (*see, North Carolina v Alford*, 400 US 25) with the understanding that he would be sentenced to 2 to 4 years in prison, consecutive to the sentence he was then serving for murder.* The charges stem from an incident at Great Meadow Correctional Facility in Washington County, wherein defendant struck Correction Officer Edward Griffin as the latter was attempting to remove defendant from his special housing unit cell for recreation. Defendant appeals, and we now affirm.

Despite ample evidence that defendant knowingly, voluntarily and intelligently entered a plea of guilty and the existence of a strong factual basis for his plea (*see, People v Green*, 75 NY2d 902, 905, n 1, *cert denied* 498 US 860), defendant now claims that his right to a fair trial was impaired when County Court forecasted how it would likely rule on a particular evidentiary issue, that his right to due process was violated when the court permitted an amendment to the indictment and that he was prejudiced by certain claimed improprieties during the Grand Jury proceeding. None of these contentions, however, survives his guilty plea (*see, id.*, at 906).

During the course of a discussion regarding potential defense witnesses, County Court noted that certain of these witnesses were individuals who had witnessed "a prior incident" involving defendant. The court instructed defense counsel that "the case that we are going to try is the case that is charged in this indictment. We are not going to try any other cases." In response, defense counsel stated that defendant was attempting to prove that there had been a "systemic attack on him." At this time, County Court never made a specific ruling on the issue, instead indicating that it was not prejudging the matter and would take up the issue as it developed at trial. On the day of trial, when the issue came up again, defense counsel reiterated that defendant intended to present "a justification type" defense by proving that he was assaulted by other correction officers in the past and that he therefore feared for his safety on the day in question thus prompting him to strike Griffin to protect himself. County Court reiterated its inclination to preclude "evidence which does not bear on the case at hand," specifically informing defense counsel that it would not

---

* The indictment originally charged defendant with assault in the second degree, two counts of attempted assault in the second degree and promoting prison contraband in the second degree. One of the attempted assault counts was later amended to charge assault in the second degree under the authority of CPL 200.70 and this Court's decision in *People v Weeks* (126 AD2d 857).

allow any testimony about the alleged prior incidents absent a convincing showing of relevance.

Even if we were to characterize County Court's predisposition to preclude defendant from offering evidence about past conflicts with uninvolved correction officers as an evidentiary trial "ruling," as firmly established in *People v Hansen* (95 NY2d 227, 231), a defendant waives the right to challenge evidentiary trial rulings by pleading guilty. Thus, his plea precludes our review of same (*see, id.*). In any event, given the facts that were then before County Court (i.e., that defendant was admittedly the initial aggressor in the attack and had no prior contact whatsoever with Griffin before the incident), the prospective ruling on relevancy grounds was indeed sound (*see,* Penal Law § 35.15).

Similarly, the claimed errors assigned to the Grand Jury proceeding do not rise to the level of jurisdictional or constitutional errors which survive defendant's guilty plea (*see, People v Hansen, supra,* at 232-233; *People v Robertson,* 279 AD2d 711, 713, *lv denied* 96 NY2d 805; *see generally, People v Fields,* 283 AD2d 329). Likewise, "[b]y pleading guilty following the amendment of the indictment, defendant waived any alleged error in permitting the amendment[ ]" (*People v Anson,* 272 AD2d 639, 640). In any event, these latter challenges have been reviewed and found to be without merit. Finally, we decline to modify defendant's sentence, which we do not find to be harsh or excessive.

Cardona, P. J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.

