People v Edwards (2020 NY Slip Op 00893)





People v Edwards


2020 NY Slip Op 00893


Decided on February 6, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 6, 2020

110842

[*1]The People of the State of New York, Respondent,
v
Jason P. Edwards, Appellant.

Calendar Date: January 10, 2020

Before: Garry, P.J., Mulvey, Devine, Pritzker and Colangelo, JJ.


Mark A. Wolber, Utica, for appellant.
William G. Gabor, District Attorney, Wampsville (Elizabeth S. Healy of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Madison County (O'Sullivan, J.), rendered September 10, 2018, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.
Defendant waived indictment and pleaded guilty to a superior court information (hereinafter SCI) charging him with sexual abuse in the first degree.[FN1] Defendant moved to dismiss the SCI, asserting that it was jurisdictionally defective because it did not allege every element of the crime charged. County Court denied the motion and, thereafter, sentenced defendant in accordance with the terms of the plea agreement. Defendant appeals.
We are unpersuaded by defendant's sole contention on appeal that the SCI is jurisdictionally defective because it failed to allege that the touching of the victim's sexual areas was for the purpose of sexual gratification. The SCI specifically referenced that defendant violated Penal Law § 130.65 (3), which states that "[a] person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact . . . [w]hen that other person is less than [11] years old." The term "sexual contact" is expressly contained in the SCI and is defined in Penal Law § 130.00 (3) as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party." Incorporating specific reference to the statute that defines sexual abuse in the first degree operates not only to constitute allegations of all of the elements of the crime charged, "but also an allegation of the statutory definitions of those elements" in order to survive a jurisdictional challenge (People v Diaz, 233 AD2d 777, 778 [1996]; see People v D'Angelo, 98 NY2d 733, 735 [2002]; People v Wilder, 69 NY2d 870, 872 [1987]; People v Hummel-Parker, 171 AD3d 1397, 1398 [2019]; People v Suits, 158 AD3d 949, 951 [2018]). Furthermore, such reference to the statute and the elements of the crime charged effectively afforded defendant "fair notice of the charges made against him" (People v Ray, 71 NY2d 849, 850 [1988] [internal quotation marks and citation omitted]); accord People v Benn, 159 AD3d 1272, 1272 [2018], lv denied 32 NY3d 935 [2018]; People v Decker, 139 AD3d 1113, 1115 [2016], lv denied 28 NY3d 928 [2016]). Accordingly, defendant's contention that the SCI is jurisdictionally defective is without merit. To the extent that defendant challenges the nonjurisdictional factual sufficiency of the SCI, such claim is foreclosed by his guilty plea (see People v Beattie, 80 NY2d 840, 842 [1992]; People v Gannon, 167 AD3d 1163, 1164 [2018]; People v Chaney, 160 AD3d 1281, 1283 [2018], lv denied 31 NY3d 1146 [2018]).
Garry, P.J., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although the record does not contain a waiver of indictment, we take judicial notice that one was executed by defendant and approved by County Court on November 16, 2017.