People v Mathis (2020 NY Slip Op 03696)





People v Mathis


2020 NY Slip Op 03696


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

110480

[*1]The People of the State of New York, Respondent,
v
Isiah Mathis, Appellant.

Calendar Date: June 11, 2020

Before: Egan Jr., J.P., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Marlene O. Tuczinski, Chatham, for appellant.
Paul Czajka, District Attorney, Hudson (Krista Kline of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Columbia County (Koweek, J.), rendered May 21, 2018, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
In September 2017, defendant, age 17, pleaded guilty to assault in the second degree in violation of Penal Law § 120.05 (7), the sole count in an indictment, based upon an assault that occurred while he was confined in a correctional facility. The plea was pursuant to a written plea agreement in which the People promised not to take a position on sentencing; County Court made no sentencing promises. The indictment specified — consistent with subdivision (7) of Penal Law § 120.05 — that defendant had previously "been convicted of a crime" and that, while incarcerated for that crime, he had intentionally caused physical injury to "another person." During the allocution, defendant admitted that he had previously been convicted of robbery in the second degree for which he had been adjudicated a youthful offender.
Defense counsel thereafter moved to withdraw the guilty plea, arguing that because defendant had been adjudicated a youthful offender on the predicate conviction, which did not constitute a "crime," he could not be charged with, or enter a valid guilty plea to, Penal Law § 120.05 (7);[FN1] the People opposed this motion. Without ruling on that issue, County Court granted the motion and vacated the plea, as a matter of discretion, on the ground that the plea may not have been knowing, voluntary and intelligent as defendant may not have been aware of this potential defense.
The People then moved to amend the indictment to charge defendant under subdivision (3) of Penal Law § 120.05, a charge requiring that, "with the intent to prevent a peace officer from performing a lawful duty, he caused physical injury to such person." The People argued that this did not change the theory of the prosecution "as reflected in the instructions and the evidence before the [g]rand [j]ury," but merely "corrects an inadvertent misstatement of the applicable section of the statute" (see CPL 200.70 [1]). The People averred that the grand jury had been "instructed on the correct section of the statute," but then the People cited — apparently in error — Penal Law § 120.05 (7). Notably, the People did not submit any grand jury minutes to support the amendment, which are not a part of the record on appeal, and the record does not reflect that County Court had an opportunity to examine those minutes. Defense counsel initially formally opposed the amendment on statutory grounds, arguing that subdivisions 3 and 7 of Penal Law § 120.05 contain differing elements and, thus, the amendment changed the theory of the case in violation of CPL 200.70 (1) and (2).
At the next appearance, defense counsel withdrew opposition to the amendment and County Court accepted the amended indictment and arraigned defendant thereon; no written or on-the-record decision was issued on the People's motion to amend.[FN2] Defendant then acknowledged his signature on the written plea agreement and again signed it in open court; like the first such form, it contained a limited appeal waiver and the same plea terms. However, the written agreement stated that the indictment charged him with violating subdivision (7) of Penal Law § 120.05, and made no reference to the amended indictment. Defendant then entered a guilty plea to assault in the second degree under Penal Law § 120.05 (3), as charged in the amended indictment, and was sentenced to a prison term of two years to be followed by three years of postrelease supervision, to be served consecutively to the sentence he was then serving. Defendant appeals.
Initially, defendant argues that the amended indictment is jurisdictionally defective, a claim which "may not be waived by a guilty plea and can be raised for the first time on appeal" and survives any appeal waiver (People v Guerrero, 28 NY3d 110, 116 [2016]; see People v Dubois, 150 AD3d 1562, 1564 n [2017]).[FN3] However, "an indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" (People v Park, 163 AD3d 1060, 1063 [2018] [internal quotation marks and citation omitted]; see People v Thiam, 34 NY3d 1040, 1043 [2019]). Where, as here, "an indictment count incorporates by reference the statutory provision applicable to the crime intended to be charged, . . . this is sufficient to apprise a defendant of the charge and, therefore, renders the count jurisdictionally valid" (People v Park, 163 AD3d at 1063 [internal quotation marks, brackets and citations omitted]). As the amended indictment satisfied this standard, it is not facially jurisdictionally defective.
Defendant's challenge, although cloaked as a jurisdictional defect, is also addressed to the propriety of amending the indictment.[FN4] As relevant here, an indictment may be amended "with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like," subject to the limitation that it "not change the theory . . . of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits" (CPL 200.70 [1]; see People v Guerrero, 28 NY3d at 121; People v Urtz, 176 AD3d 1485, 1490 [2019], lv denied 34 NY3d 1133 [2020]). Defendant argues that the amendment changed the theory of the prosecution in that the charge under subdivision (3) of Penal Law § 120.05 requires proof that defendant acted with intent to prevent a peace officer from performing a lawful duty, causing physical injury to that officer, whereas the charge voted by the grand jury under subdivision (7) of that statute requires proof that he acted with intent to cause physical injury to "another person" and caused such injury to that person or a third person. As such, the elements of the crimes differ, which defendant argues constituted an impermissible substantive change to the nature of the crime charged (see People v Perez, 83 NY2d 269, 274-275 [1994]). Although defense counsel initially opposed the amendment, he later expressly consented to it, and defendant did not object or move to withdraw his plea. Thus, defendant failed to preserve any argument that County Court erred under CPL 200.70 in accepting the amended indictment (see People v Houze, 177 AD3d 1184, 1187 [2019], lv denied 34 NY3d 1159 [2020]; People v Lamont, 125 AD3d 1106, 1106 [2015], lvs denied 26 NY3d 967, 969 [2015]).
However, we are persuaded by defendant's further argument that, as a result of the amendment of the indictment, he was charged with a different crime from the one voted on by the grand jury, thereby depriving him of the constitutional right to be prosecuted only by an indictment filed by a grand jury. Under the NY Constitution, no person shall be held to answer for a felony crime "unless on indictment of the grand jury" (NY Const, art I, § 6; see CPL 210.05; People v Perez, 83 NY2d at 273). "The right to indictment by a [g]rand [j]ury has . . . been recognized as not merely a personal privilege of the defendant but a public fundamental right, which is the basis of jurisdiction to try and punish an individual" (People v Boston, 75 NY2d 585, 588 [1990] [internal quotation marks and citations omitted]; see People v Hansen, 95 NY2d 227, 231 [2000]). "[S]ince an infringement of defendant's right to be prosecuted only by indictment implicates the jurisdiction of the court," this claim is not waived by a guilty plea and may be raised for the first time on appeal (People v Zanghi, 79 NY2d 815, 817 [1991]; see People v Guerrero, 28 NY3d at 116; People v Boston, 75 NY2d 585, 587 [1990]).[FN5] Thus, "[b]efore a person may be publicly accused of a felony, and required to defend against such charges, the [s]tate must persuade a [g]rand [j]ury that sufficient legal reasons exist to believe the person guilty" (People v Hansen, 95 NY2d at 231, citing People v Iannone, 45 NY2d 589, 594 [1978]; see CPL 70.10, 190.65 [1]). To that end, an indictment ensures that "the crime for which the defendant is brought to trial is in fact one for which he [or she] was indicted by the [g]rand [j]ury, rather than some alternative seized upon by the prosecution" (People v Sanchez, 84 NY2d 440, 445 [1994]), providing a safeguard against prosecutorial authority by requiring the grand jury to "assess[] the sufficiency of the prosecutor's case" (People v Pelchat, 62 NY2d 97, 104 [1984]; see People v Perez, 83 NY2d at 273; People v Iannone, 45 NY2d at 594).
The record before us only establishes that a grand jury indicted defendant for violating subdivision (7) of Penal Law § 120.05, not subdivision (3) of that statute. In their motion to amend, the People stated that "the grand jury was instructed on the correct section of the statute" — presumably subdivision (3) of Penal Law § 120.05 [FN6] — and that the amendment therefore did not change the theory of their case "as reflected in the instructions and the evidence before the [g]rand [j]ury," asserting that the charge in the original indictment (under subdivision [7]) was an "inadvertent misstatement." It is unclear if the People were representing that the grand jury actually indicted defendant under subdivision (3). Because the grand jury minutes did not accompany the motion before the trial court,[FN7] they are not available for examination by this Court. Thus, from this record we cannot determine whether defendant was indicted by a grand jury on the charge in the amended indictment, requiring vacatur of his guilty plea and dismissal of the amended indictment.[FN8] In light of these conclusions, defendant's remaining contentions need not be addressed.
Egan Jr., J.P., Lynch, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is reversed, on the law, amended indictment dismissed, and matter remitted to County Court of Columbia County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: There is some authority for this argument (see CPL 720.20 [3]; 720.35 [1]; People v Rudolph, 21 NY3d 497, 500-501 [2013]; People v Hilliard, 10 Misc 3d 1038, 1041 [County Ct, Westchester County 2005]).

Footnote 2: Defendant was represented by a different Assistant Public Defender at the second plea allocution, who represented to County Court that defendant "wasn't informed of the motion to vacate his guilty plea" and wanted "to accept responsibility for his wrongdoing and to admit his criminal responsibility for his conduct."

Footnote 3: Defendant does not challenge his waiver of appeal.

Footnote 4: Inasmuch as defendant successfully moved to vacate his guilty plea to the original indictment and that indictment was amended, any challenges relative to the original indictment are not properly before us.

Footnote 5: This issue also survives any appeal waiver (see generally People v Lopez, 6 NY3d 248, 255 [2006]; People v Callahan, 80 NY2d 273, 280 [1992]; People v Seaberg, 74 NY2d 1, 9 [1989]).

Footnote 6: The People's motion papers cite subdivision (7) of Penal Law § 120.05 as the "correct section," which appears to be a typographical error, it appearing that they intended to cite subdivision (3) of that statute.

Footnote 7: Defense counsel did not submit an omnibus motion directed at the grand jury proceedings.

Footnote 8: We are aware that defendant has been released from prison and is serving a term of postrelease supervision. Nothing herein should be construed to prevent County Court and the parties from resolving this matter in an alternative, lawful manner.