People v Weeks (2020 NY Slip Op 06827)





People v Weeks


2020 NY Slip Op 06827


Decided on November 19, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

110893 110894

[*1]The People of the State of New York, Respondent,
v
Allen Weeks, Appellant.

Calendar Date: October 14, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.


Noreen McCarthy, Keene Valley, for appellant.
Meagan K. Galligan, Acting District Attorney, Monticello, for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered May 11, 2018, (1) which revoked defendant's probation and imposed a sentence of imprisonment, and (2) convicting defendant upon his guilty plea of the crime of failure to register an Internet identifier as a sex offender.
Defendant, a registered sex offender, was convicted in 2006 of failure to register as a sex offender, then a misdemeanor. In 2011, he was convicted of the reduced charge of attempted failing to register as a sex offender, as a felony. In 2016, he was convicted upon his guilty plea of the felony of failing to timely provide an updated photograph under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), for which he was sentenced to five years of probation, the first six months to be served in jail, and conditions of probation were imposed (see Correction Law §§
168-f [2] [b-3]; 168-t). Then, in 2017, after probation officials were notified that an unregistered Facebook account with pictures and a video recording of defendant was discovered under an alias, a search of defendant's residence disclosed pornography, marihuana and drug paraphernalia. Defendant was charged in felony complaints with failing to register the Facebook alias as required by Correction Law § 168-f (4) and criminal possession of marihuana in the fourth degree. Thereafter, defendant was also charged in a petition with violating several conditions of his probation by violating state laws as charged in the complaints, possessing pornography and failing to comply with SORA requirements.
Defendant accepted the terms of a plea agreement resolving all charges. Pursuant to the agreement, defendant waived indictment and consented to be prosecuted by a superior court information (hereinafter SCI) and waived his right to appeal. He admitted that he was a registered sex offender and had previously been convicted of failing to register as a sex offender, as charged in a special information. Defendant then pleaded guilty as charged in the SCI to a felony charge of failing to register an Internet identifier as a sex offender in violation of Correction Law §§ 168-f (4) and 168-t, admitting that he had created the Facebook account using an alias and was aware of his obligation to register that Internet identifier but had failed to do so. Defendant also waived a hearing and admitted that, as charged, he had violated the conditions of his probation by possessing pornography and by having an active Facebook account using an unregistered alias to identify himself. Consistent with the terms of the agreement, County Court found that defendant had violated the conditions of his probation, revoked the sentence of probation and imposed a prison sentence of 1 to 3 years, to be served concurrently with a prison term of 2 to 6 years imposed upon his conviction of failing to register an Internet identifier as a sex offender. Defendant appeals.
We affirm. Defendant argues that the waiver of indictment is invalid and the SCI is jurisdictionally defective in that they do not set forth the specific date, approximate time and place where the crime occurred, information required by CPL 195.20. This jurisdictional claim survives defendant's guilty plea and unchallenged appeal waiver (see People v Guerrero, 28 NY3d 110, 116 [2016]; People v Mathis, 185 AD3d 1094, 1096 [2020]). The omission of such "non-elemental factual information" does not, however, render the waiver of indictment jurisdictionally defective or require dismissal of the SCI (People v Lang, 34 NY3d 545, 569 [2019]; see People v King, 184 AD3d 909, 910 [2020]; People v Morgan-Smith, 182 AD3d 923, 924-925 [2020], lv denied 35 NY3d 1047 [2020]; People v Shindler, 179 AD3d 1306, 1307 [2020]). Both the waiver and the SCI contained the name of the offense with which he was being charged and the date by which the obligation to register the Internet identifier was violated; those documents, together with the felony complaint, provided defendant with adequate notice of the date and location, i.e., the precise address where the offense occurred, namely, defendant's residence. As the omission of the approximate time of the charged offense was a nonjurisdictional defect, and defendant raised no objections before County Court, defendant's challenge was forfeited by his guilty plea (see People v Cruz, 186 AD3d 932, 933 [2020], lv denied ___ NY3d ___ [Oct. 29, 2020]); People v Morgan-Smith, 182 AD3d at 925; People v Shindler, 179 AD3d at 1307; People v Elric YY., 179 AD3d 1304, 1305 [2020]). We find no merit to defendant's challenge to designating his residence as the "place" of the offense of failing to register his Internet identifier (CPL 195.20), as this is the address that he was required to register as a sex offender (see Correction Law § 168-f [4]; see also CPL 20.40 [2] [c]; [3]; People v Stedge, 135 AD3d 1174, 1175 [2016]).
Defendant also challenges the SCI as jurisdictionally defective in that, he argues, it failed to charge him with a crime, a claim that survives his waiver of appeal and guilty plea (see People v Coss, 178 AD3d 25, 27 [2019]). Pursuant to Correction Law § 168—f (4), as relevant here, a sex offender is required to register with the Division of Criminal Justice Services "no later than [10] calendar days after any change of . . . [I]nternet identifiers that such offender uses." An Internet identifier is defined as "electronic mail addresses and designations used for the purposes of chat, instant messaging, social networking or other similar [I]nternet communication" (Correction Law § 168—a [18] [emphases added]). Although a Facebook account itself is not an Internet identifier, defendant's alias or "designation" used to create and access his Facebook account, and to identify himself to and interact with other users on this "social networking" site, is an Internet identifier that defendant admittedly failed to register (see People v Ellis, 33 NY3d 582, 584-589 [2019]). Indeed, "the name one uses to interact with other users on Facebook — such as a screen name, pseudonym or alias — may be an [I]nternet identifier that must be disclosed to [the Division of Criminal Justice Services] if it is a 'designation[ ] used for the purposes of chat, instant messaging, social networking, or other similar [I]nternet communication'" (id. at 585, quoting Correction Law § 168-a [18]). Contrary to defendant's claim, the SCI correctly alleged that the omission constituting the offense was the failure to register an Internet identifier used by him to access and identify himself on the Facebook account that he created and maintained, and did not improperly premise the charge on his failure to register the Facebook account itself. Thus, the SCI charged defendant with conduct that constitutes a crime (cf. People v Ellis, 33 NY3d at 584, 586).
With regard to defendant's contention that the SCI failed to allege all of the elements of the offense, the SCI incorporated by reference the specific statutory provision violated, Correction Law § 168-f (4), and the underlying specific omission supporting the charge. This incorporation "constitute[d] allegations of all of the elements of the crime charged" as well as "the statutory definitions of those elements," warranting rejection of this jurisdictional challenge (People v Edwards, 180 AD3d 1111, 1111-1112 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 969 [2020]; see People v Mathis, 185 AD3d at 1096). The SCI was not required to further list all of the elements of the offense, such as defendant's knowledge of the registry requirement in issue (see People v Haddock, 48 AD3d 969, 970-971 [2008], lv dismissed 12 NY3d 854 [2009]). Defendant's additional challenge to the factual sufficiency and specificity of the SCI is nonjurisdictional and, as such, was foreclosed by his guilty plea, and is also unpreserved (see People v Gannon, 167 AD3d 1163, 1164 [2018]; People v DuBois, 150 AD3d 1562, 1564 [2017]; see also CPL 200.15, 200.50 [7]).
Further, the SCI was not defective for failing to allege that defendant had a prior conviction for failing to register. To the contrary, the People appropriately filed a special information alleging defendant's prior felony conviction for failing to register under SORA, which raised the present offense to a class D felony (see Correction Law § 168-t). Defendant admitted the prior conviction during the plea allocution, as required by the plea agreement. The fact of the prior conviction was correctly omitted from the SCI (see CPL 200.60 [1]; [3] [a]). Finally, defendant's challenge to his probation violation is based upon the same arguments regarding the SCI that we have already rejected, and his remaining claims similarly lack merit.
Garry, P.J., Egan Jr., Clark and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.