People v Ashby (2021 NY Slip Op 07434)





People v Ashby


2021 NY Slip Op 07434


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, AND BANNISTER, JJ.


1055 KA 16-00797

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEVIN A. ASHBY, DEFENDANT-APPELLANT. 






ANTHONY F. BRIGANO, UTICA, FOR DEFENDANT-APPELLANT.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered April 15, 2016. The judgment convicted defendant upon a jury verdict of insurance fraud in the third degree and attempted grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, insurance fraud in the third degree (Penal Law § 176.20), defendant contends that the indictment is jurisdictionally defective. We reject that contention. The failure of the first count of the indictment to recite all the elements of the crime in full "did not constitute a jurisdictional defect because that count specifically referred to the applicable section of the Penal Law" (People v Shanley, 15 AD3d 921, 922 [4th Dept 2005], lv denied 4 NY3d 856 [2005]; see People v Taylor, 158 AD3d 1095, 1097 [4th Dept 2018], lv denied 32 NY3d 941 [2018], reconsideration denied 32 NY3d 1178 [2019], cert denied — US &mdash, 140 S Ct 482 [2019]; cf. People v Mathis, 185 AD3d 1094, 1095 [3d Dept 2020]).
Although defendant further contends that each count of the indictment is legally insufficient because the counts do not set forth sufficient factual allegations, he failed to preserve his contention for our review (see People v Raad, 166 AD3d 907, 908 [2d Dept 2018], lv denied 33 NY3d 952 [2019]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant also contends that count one of the indictment was impermissibly amended (see generally CPL 200.70). Contrary to defendant's contention, we conclude that he was required to preserve that contention for our review (see People ex rel. Prince v Brophy, 273 NY 90, 99 [1937]; Mathis, 185 AD3d at 1097; People v Peals, 143 AD3d 535, 535 [1st Dept 2016], lv denied 28 NY3d 1149 [2017]; cf. People v Ercole, 308 NY 425, 434 [1955]; People v Placido, 149 AD3d 1157, 1158 [3d Dept 2017]). Although past cases of this Court have not required preservation of such a contention (see e.g. People v Vickers, 148 AD3d 1535, 1537 [4th Dept 2017], lv denied 29 NY3d 1088 [2017]; People v Powell, 153 AD2d 54, 58 [4th Dept 1989], lv denied 75 NY2d 969 [1990]), they are no longer to be followed (cf. People v Hursh, 191 AD3d 1453, 1454 [4th Dept 2021], lv denied 37 NY3d 957 [2021]; see generally People v Allen, 24 NY3d 441, 449-450 [2014]). Here, defendant failed to preserve his contention for our review (see Prince, 273 NY at 99; Mathis, 185 AD3d at 1097), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court