People v Stone (2024 NY Slip Op 00650)

People v Stone

2024 NY Slip Op 00650

Decided on February 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 8, 2024

110666
[*1]The People of the State of New York, Respondent,
v
Brandon M. Stone, Appellant.

Calendar Date:January 18, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Mackey, JJ.

Jeffrey R. Parry, Oneida, for appellant.
Kirk O. Martin, District Attorney, Owego (Cheryl Mancini of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Tioga County (Gerald A. Keene, J.), rendered March 16, 2018, convicting defendant upon his plea of guilty of the crime of criminally negligent homicide.
Defendant waived indictment and pleaded guilty to a superior court information (hereinafter SCI) charging him with criminally negligent homicide stemming from defendant selling narcotics to the victim, who later fatally overdosed. Defendant was sentenced pursuant to the terms of the plea agreement to a prison term of 1&frac13; to 4 years. Defendant appeals.
To the extent that defendant's brief can be read as challenging the factual sufficiency of the SCI, such claim is foreclosed by his unchallenged guilty plea (see People v Guerrero, 28 NY3d 110, 116 [2016]; People v Beattie, 80 NY2d 840, 842 [1992]; People v West, 215 AD3d 1067, 1068-1069 [3d Dept 2023]; People v Edwards, 180 AD3d 1111, 1112 [3d Dept 2020], lv denied 35 NY3d 969 [2020]). Contrary to defendant's contention, we find no exception due to prosecutorial wrongdoing or constitutional infringement which would otherwise permit review thereof (see generally People v Pelchat, 62 NY2d 97, 107-109 [1984]; People v Busreth, 167 AD3d 1089, 1090 [3d Dept 2018], lv denied 33 NY3d 946 [2019]; People v Whitehurst, 291 AD2d 83, 87-88 [3d Dept 2002], lv denied 98 NY2d 642 [2002]).
To the extent that defendant is challenging the SCI as jurisdictionally defective, this issue survives his guilty plea and may be raised for the first time on appeal (see People v Guerrero, 28 NY3d at 116; People v West, 215 AD3d at 1069). To that end, an SCI is held to the same pleading requirements as an indictment (see CPL 200.15; People v Weeks, 188 AD3d 1420, 1422-1423 [3d Dept 2020], lv denied 36 NY3d 1060 [2021]). "An SCI is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime — for instance, if it fails to allege that the defendant committed acts constituting every material element of the crime charged" (People v Ferretti, 209 AD3d 1173, 1174 [3d Dept 2022] [internal quotation marks and citations omitted]). "The incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime" (People v D'Angelo, 98 NY2d 733, 735 [2002] [citations omitted])."A person is guilty of criminally negligent homicide when, with criminal negligence, he [or she] causes the death of another person" (Penal Law § 125.10). This precise language, as well as specific reference to the statutory provision, are set forth in the SCI. As such, the SCI is not jurisdictionally defective.
Egan Jr., J.P., Clark, Lynch and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.