People v Ford (2024 NY Slip Op 05002)

People v Ford

2024 NY Slip Op 05002

Decided on October 10, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 10, 2024

CR-22-2213
[*1]The People of the State of New York, Respondent,
v
Lynette R. Ford, Appellant.

Calendar Date:September 3, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Donnial K. Hinds, Albany, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nathan M. Bloom of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Chemung County (Richard W. Rich Jr., J.), rendered August 15, 2022, convicting defendant upon her plea of guilty of the crime of driving while ability impaired by drugs.
In January 2022, defendant was indicted on a charge of driving while ability impaired by drugs, as a felony, based upon two prior convictions of driving while intoxicated in the previous 10-year period. At defendant's arraignment, the People moved to amend the indictment to reflect that it occurred on September 3, 2021, and not on that date in 2022 as stated therein. Defense counsel stated that defendant had no objection to that amendment. Defendant thereafter pleaded guilty to the charge without a sentencing promise, admitting that she drove under the influence of methamphetamines on September 3, 2021, and was involved in an accident with a truck. County Court sentenced defendant to a prison term of 1 to 3 years. Defendant appeals.

We affirm. Defendant argues that County Court committed reversible error in allowing the People to amend the year in the indictment. However, "by pleading guilty . . . , defendant waived any alleged error in permitting the amendment" (People v Thompson, 287 AD2d 794, 796 [3d Dept 2001] [internal quotation marks, brackets and citation omitted], lv denied 97 NY2d 688 [2001]; see People v Mathis, 185 AD3d 1094, 1097 [3d Dept 2020]; People v Martinez, 52 AD3d 68, 71 [1st Dept 2008], lv denied 11 NY3d 791 [2008]).[FN1] Neither did defendant move to withdraw her guilty plea on this basis and, instead, she declined to object to the amendment and did not oppose the People's motion to amend, thereby failing to preserve any argument that the court erred in permitting the amendment of the indictment (see People v Mathis, 185 AD3d at 1097; see also People v Kelly, 221 AD3d 1265, 1266 [3d Dept 2023]; People v Houze, 177 AD3d 1184, 1187 [3d Dept 2019], lv denied 34 NY3d 1159 [2020]).
Defendant further contends that her sentence is unduly harsh and severe. Her argument that she should have been permitted to participate in a judicial diversion program was not preserved for our review,[FN2] and the record does not reflect that she qualified for or followed the requisite statutory procedures for participation in the program (see CPL 216.00 [1]; 216.05 [1]; People v Vezequ, 205 AD3d 1138, 1138 [3d Dept 2022], lv denied 38 NY3d 1154 [2022]). Moreover, defendant received the minimum indeterminate prison term for this crime (see Penal Law § 70.00 [2] [d]; [3] [b]; Vehicle & Traffic Law §§ 1192 [4-a]; 1193 [1] [c] [ii]) and County Court justifiably rejected a one-year jail term (see Penal Law § 70.00 [4]), given her failure to accept responsibility for her actions, her extensive criminal history that included three prior convictions for driving while intoxicated and her poor performance on probation. Accordingly, we decline her invitation to reduce the sentence in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]; People v Atutis[*2], 214 AD3d 1264, 1265 [3d Dept 2023]).
Garry, P.J., Pritzker, Lynch and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The indictment effectively charged defendant with a crime notwithstanding the error and, thus, the motion to correct the date was directed at a waivable, non-jurisdictional defect in the indictment that did not survive defendant's guilty plea and is subject to preservation rules (compare People v Hardy, 35 NY3d 466, 475-476 [2020]; People v Solomon, 203 AD3d 1468, 1470 [3d Dept 2022], affd 39 NY3d 1114 [2023]).

Footnote 2: Prior to defendant's guilty plea, defense counsel looked into defendant's eligibility for drug court treatment in Pennsylvania where she then resided and was on probation, but she moved to New York; County Court thereafter rejected counsel's request to refer her in-state, apparently based upon her repeated failure to appear in court on scheduled dates. Judicial diversion was not discussed as part of the plea agreement and was not mentioned at sentencing.