People v Fowler (2025 NY Slip Op 06364)

People v Fowler

2025 NY Slip Op 06364

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

CR-23-1303
[*1]The People of the State of New York, Respondent,
v
Joseph Fowler, Appellant.

Calendar Date:October 17, 2025

Before:Clark, J.P., Pritzker, Lynch, Powers and Mackey, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Schenectady County (Matthew Sypniewski, J.), rendered January 3, 2023, convicting defendant upon his plea of guilty of the crime of failure to register as a sex offender.
Defendant, a registered sex offender, was charged in a single-count indictment with failing to register as a sex offender after he allegedly failed to register his Internet identifier, specifically an identified Instagram account screen name, with the Department of Criminal Justice Services within 10 days of its creation or use, in violation of Correction Law §§ 168-t and 168-f (4). Defendant thereafter pleaded guilty as charged and agreed to waive his right to appeal. County Court sentenced defendant to the agreed-upon prison term of 1 to 3 years. Defendant appeals.
We affirm. Defendant contends that the indictment is jurisdictionally defective, arguing that it failed to charge him with a crime as it did not allege that the Internet identifier used as his Instagram screen name was for the purpose of communication, access or interaction beyond the naming of an Instagram page as defined in Correction Law § 168-a (18). Initially, such claim survives both a valid appeal waiver and guilty plea, and is not subject to preservation requirements (see People v Guerrero, 28 NY3d 110, 116 [2016]; People v Pierce, 14 NY3d 564, 570 n 2 [2010]; People v Cox, 221 AD3d 1057, 1058 [3d Dept 2023]).[FN1]
Correction Law § 168-f (4), as relevant here, provides that a sex offender must register with the Division of Criminal Justice Services "no later than [10] calendar days after any change of . . . [I]nternet identifiers that such offender uses." "Internet identifiers" are defined as "electronic mail addresses and designations used for the purposes of chat, instant messaging, social networking or other similar [I]nternet communication" (Correction Law § 168-a [18]). An Instagram account "designation" or screen name, in this case an alias as defendant did not use his real name, which works to identify one's self to and interact with other users on this "social networking" site, falls within the definition of an Internet identifier (see People v Ellis, 33 NY3d 582, 584-586 [2019]; People v Weeks, 188 AD3d 1420, 1423 [3d Dept 2020], lv denied 36 NY3d 1060 [2021]).
Defendant's contention that there was no indication that the Internet identifier was used for the purpose of communication and, therefore, his failure to register it did not constitute a crime is unavailing. Instagram fits the definition of an "[a]uthorized [I]nternet entity," which, as set forth in Correction Law § 168-a (16), "means any business, organization or other entity providing or offering a service over the [I]nternet which permits persons under [18] years of age to access, meet, congregate or communicate with other users for the purpose of social networking." Indeed, the precise purpose of an Internet entity such as Instagram is social networking. We are satisfied that the indictment, alleging [*2]that defendant failed to register the specified Internet identifier screen name used on his Instagram account with the Department of Criminal Justice Services within 10 days of its creation or use and which incorporated the statute by reference, effectively charged defendant with conduct that constitutes a crime (see People v Weeks, 188 AD3d at 1423; cf. People v Ellis, 33 NY3d at 584-586; People v Ferretti, 209 AD3d 1173, 1176 [3d Dept 2022]).
Clark, J.P., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: As such, defendant's remaining contention, challenging the validity of the appeal waiver, need not be addressed.