People v Head
2026 NY Slip Op 03028
May 14, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Appellant,
v
Joseph R. Head, Respondent.

Decided and Entered:May 14, 2026
113583
Calendar Date: April 23, 2026
Before: Clark, J.P., Aarons, Pritzker, McShan And Ryba, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Christopher James Di Donna, Acting District Attorney, Cooperstown, for respondent.

[*1]
Ryba, J.
Appeal from a judgment of the County Court of Otsego County (Michael Getman, J.), rendered July 11, 2022, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant was charged in a single-count indictment with criminal possession of a controlled substance in third degree, a class B felony, in violation of Penal Law § 220.16 (12). In satisfaction of that indictment and other pending charges, defendant pleaded guilty as charged and agreed to waive his right to appeal. After defendant failed to abide by the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to an enhanced prison term of 10 years, to be followed by three years of postrelease supervision. Defendant appeals, contending that the underlying indictment is jurisdictionally defective.
Initially, we note that a jurisdictional defect in an indictment is not waived by a guilty plea or an appeal waiver and may be raised for the first time on appeal (see People v Saenger, 39 NY3d 433, 438 [2023]; People v Iannone, 45 NY2d 589, 600 [1978]; People v Taylor, 243 AD3d 1064, 1064-1065 [3d Dept 2025]; People v Mathis, 185 AD3d 1094, 1096 [3d Dept 2020]). To that end, " '[a]n indictment is rendered jurisdictionally defective only if it does not charge the defendant with the commission of a particular crime, by, for example, failing to allege every material element of the crime charged, or alleging acts that do not equal a crime at all' " (People v Guerrero, 28 NY3d 110, 116 [2016], quoting People v Hansen, 95 NY2d 227, 231 [2000]; see People v Saenger 39 NY3d at 438). Although ordinarily "an indictment's 'incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime' " (People v Saenger, 39 NY3d at 438, quoting People v D'Angelo, 98 NY2d 733, 735 [2002]), "such reference may be negated by the inclusion of conduct or a specific allegation that does not constitute the crime charged" (People v Bloome, 205 AD3d 1045, 1046-1047 [2d Dept 2022] [internal quotation marks, ellipsis, brackets and citations omitted], lv denied 38 NY3d 1132 [2022]).
The instant indictment cited Penal Law § 220.16 (12) and purportedly charged defendant with criminal possession of a controlled substance in the third degree, a class B felony. "A person is guilty of criminal possession of a controlled substance in the third degree when he [or she] knowingly and unlawfully possesses . . . one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of [1/2] ounce or more" (Penal Law § 220.16 [12]). The acts alleged in the factual recitation of the indictment, however, assert that defendant possessed one or more preparations, compounds, mixtures or substances containing narcotics that were "an aggregate weight of [⅛] ounce or more." Such [*2]factual recitation constitutes the elements of criminal possession of a controlled substance in the fourth degree, a class C felony (see Penal Law § 220.09 [1]) — which the People appear to concede and to which elements defendant allocuted. As the factual allegations effectively negated an essential element of the particular crime sought to be charged (i.e., the requisite aggregate weight of 1/2 ounce or more) and altered the theory upon which the People proceeded in prosecuting defendant, the indictment was jurisdictionally defective (see People v Bloome, 205 AD3d at 1046-1047; see generally People v Mathis, 185 AD3d at 1097-1098). Regardless of statements made by defendant during the plea allocution regarding the aggregate weight of the substance he possessed, such statements are insufficient to cure the defects in the indictment. As the indictment negated an essential element of the purported crime charged, we are constrained to reverse the conviction and dismiss the indictment as jurisdictionally defective (see People v Bloome, 205 AD3d at 1046-1047; People v Boula, 106 AD3d 1371, 1372-1373 [3d Dept 2013], lv denied 21 NY3d 1040 [2013]; People v Hurell-Harring, 66 AD3d 1126, 1127-1128 [3d Dept 2009]; cf. People v Trank, 58 AD3d 1076, 1076-1078 [3d Dept 2009], lv denied 12 NY3d 860 [2009]; see generally People v Solomon, 203 AD3d 1468, 1469-1471 [3d Dept 2022], affd 39 NY3d 1114 [2023]; People v Stone, 169 AD3d 1165, 1165-1166 [3d Dept 2019]).Clark, J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is reversed, on the law, and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury.