Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered September 29, 2014, convicting defendant upon her plea of guilty of the crime of rape in the third degree (two counts).
 

 In September 2014, defendant waived indictment and consented to be prosecuted by a superior court information (hereinafter SCI) charging her with two counts of rape in the third degree and two counts of criminal sexual act in the third degree. Pursuant to a plea agreement, defendant pleaded guilty to two counts of rape in the third degree in full satisfaction of the remaining charges in the SCI, as well as any uncharged crimes relating to the victims detailed in the SCI, and waived her right to appeal. In exchange for defendant’s guilty plea, the People promised to recommend a prison sentence of IV2 years on each count, to run consecutively, and County Court agreed to impose a prison sentence of no more than 2V2 years on each count, to run consecutively, with a period of postrelease supervision of no more than 10 years. Consistent with the foregoing terms of the plea agreement, County Court sentenced defendant to, among other things, consecutive prison terms of 2V2 years to be followed by 10 years of postrelease supervision. Defendant now appeals.
 

 We affirm. The record of the plea allocution reflects that an appeal waiver was recited up front as a condition of the plea agreement and that defendant’s waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Howe, 150 AD3d 1321, 1322 [2017]). County Court explained to defendant that she would ordinarily retain the right to appeal any decision, order or ruling of the trial court that she believed to be incorrect or otherwise inappropriate, but that the plea agreement offered required that she give up that right with certain exceptions, ascertained that defendant had a sufficient opportunity to discuss the waiver with counsel and understood its meaning and did not impermissibly lump this right with the other appellate rights automatically forfeited by a guilty plea (see People v Lopez, 6 NY3d at 256; People v Fishel, 128 AD3d 15, 17 [2015]). “As defendant’s understanding and acceptance of the terms of the plea agreement, including the appeal waiver, are apparent on the face of the record, the waiver of appeal is enforceable” (People v Forget, 136 AD3d 1115, 1116 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 929 [2016]; see People v Sanders, 25 NY3d at 340-341). Given defendant’s valid appeal waiver, she is foreclosed from challenging the agreed-upon sentence as harsh and excessive (see People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]; People v Lopez, 6 NY3d at 256; People v Garry, 133 AD3d 1039, 1040 [2015]).
 

 McCarthy, J.P., Garry, Clark, Mulvey and Aarons, JJ., concur.
 

 Ordered that the judgment is affirmed.