Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 24, 2016, convicting defendant upon his plea of guilty of the crime of burglary in the second degree. In October 2014, and in satisfaction of a superior court information charging him with burglary in the second degree as well as other then-pending charges, defendant pleaded guilty to burglary in the second degree and executed a waiver of appeal. The plea agreement required defendant to successfully complete inpatient treatment, after which defendant would be placed on interim probation for a period of one year. If defendant successfully completed interim probation, the terms of the agreement provided that defendant’s guilty plea to burglary in the second degree would be withdrawn, at which time he would plead guilty to attempted burglary in the second degree with a sentence of probation. If defendant failed to comply with the terms of the agreement or interim probation, he could be sentenced to up to 15 years in prison (see Penal Law §§ 70.02 [1] [b]; [3] [b]; 140.25), with no sentencing recommendation from the People or commitment from County Court. After completing the inpatient treatment, defendant violated the terms of his interim probation in numerous respects, and County Court ultimately sentenced defendant to a prison term of five years to be followed by five years of postrelease supervision. Defendant now appeals. We affirm. Contrary to defendant’s contention, we find that his waiver of appeal was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Cuomo, 144 AD3d 1266, 1267 [2016]). The record reflects that County Court adequately explained during the plea colloquy that the waiver of the right to appeal was separate and distinct from the rights forfeited by the guilty plea, and defendant acknowledged that he understood the nature of his appellate rights that he was waiving (see People v Lopez, 6 NY3d at 256). In addition, defendant signed in open court a written waiver of appeal in which he expressly waived the right to argue, among other things, that the sentence is harsh and excessive (see People v Lambert, 151 AD3d 1119, 1119 [2017], lv denied 29 NY3d 1092 [2017]; People v Plass, 150 AD3d 1558, 1559 [2017], lv denied 29 NY3d 1094 [2017]). Accordingly, the valid appeal waiver precludes defendant’s claim that the sentence is harsh and excessive (see People v Hess, 150 AD3d 1560, 1560 [2017]; People v Lavalley, 150 AD3d 1339, 1340 [2017]). Peters, P.J., McCarthy, Rose, Devine and Pritzker, JJ., concur. Ordered that the judgment is affirmed.