People v Crawford (2020 NY Slip Op 01673)





People v Crawford


2020 NY Slip Op 01673


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

110256 110421

[*1]The People of the State of New York, Respondent,
v
Thomas J. Crawford, Appellant.

Calendar Date: February 7, 2020

Before: Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland (Elizabeth McGrath of counsel), for respondent.



Appeals (1) from a judgment of the County Court of Cortland County (Campbell, J.), rendered January 18, 2018, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered June 11, 2018, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In full satisfaction of two separate indictments (charging various drug-related crimes) and certain traffic violations, defendant agreed to plead guilty to one count of criminal sale of a controlled substance in the third degree in exchange for a prison term of two years followed by two years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing. Following an unsuccessful motion to withdraw his plea, defendant was sentenced to the agreed-upon prison term. Defendant's subsequent motion to vacate the judgment of conviction pursuant to CPL 440.10 was denied. Defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL article 440 motion.[FN1]
Defendant's challenge to the validity of the waiver of his right to appeal is unpersuasive. Although County Court's oral explanation of the appeal waiver did not include the words "separate and distinct," the court sufficiently explained the nature of the appeal waiver and did not "impermissibly lump" defendant's appellate rights into the trial-related rights forfeited by virtue of defendant's guilty plea (People v Douglas, 168 AD3d 1285, 1285 [2019] [internal quotation marks and citations omitted]; accord People v Miller, 155 AD3d 1116, 1117 [2017]). Additionally, the written waiver executed by defendant in open court made clear that the waiver of the right to appeal was separate from those rights automatically forfeited upon a plea of guilty (see People v Gamble, 177 AD3d 1042, 1042 [2019], lv denied ___ NY3d ___ [Jan. 31, 2020]; People v Boyette, 175 AD3d 751, 752 [2019], lv denied 34 NY3d 979 [2019]), and defendant, in response to County Court's questioning, assured the court that he understood the waiver, had no questions relative thereto and had been afforded sufficient time to confer with counsel (see People v Major, 176 AD3d 1257, 1258 [2019], lv denied 34 NY3d 1017 [2019]; People v White, 172 AD3d 1822, 1823 [2019], lv denied 33 NY3d 1110 [2019]). Under these circumstances, and as we discern no other infirmity in the waiver (compare People v Thomas, ___ NY3d ___, 2019 NY Slip Op 08545 [2019]; People v Barrales, ___ AD3d ___, 2020 NY Slip Op 00329 [2020]), we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Boyette, 175 AD3d at 752; People v Walker, 166 AD3d 1393, 1393-1394 [2018]). In light of the valid appeal waiver, defendant's challenge to the agreed-upon sentence as harsh and excessive is precluded (see People v Barragan, 178 AD3d 1150, 1151 [2019]; People v Breithaupt, 171 AD3d 1311, 1312 [2019], lv denied 34 NY3d 979 [2019]).
Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: As noted in his appellate brief, defendant "has opted not to seek this Court's review of the denial of his CPL [article] 440 motion"; hence, we deem any issue in this regard to be abandoned (see e.g. People v Setterlund, 137 AD3d 1420, 1421 [2016]).