People v Wilson (2021 NY Slip Op 03082)





People v Wilson


2021 NY Slip Op 03082


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

111194
[*1]The People of the State of New York, Respondent,
v
Robert E. Wilson, Appellant.

Calendar Date:April 16, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Alexander A.V. Nichols of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered April 17, 2019, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
Defendant entered into a plea agreement that, as revised after he proved unable to admit to facts constituting the initially contemplated charge, required him to waive indictment, plead guilty to one count of an amended superior court information charging him with criminal contempt in the first degree and waive his right to appeal. County Court committed to sentencing defendant, a second felony offender, to a prison term of 1&frac23; to 3&frac13; years. At the conclusion of the plea proceeding, County Court remanded him to the custody of the sheriff with the warning that it would not be bound by its sentencing commitment, and could impose a maximum sentence of 2 to 4 years in prison if he violated any jail rules prior to sentencing. Defendant was thereafter found guilty of violating a disciplinary rule at the jail and, although neither defendant nor the People felt that an increased sentence was called for, County Court sentenced defendant to an enhanced prison term of 1¾ to 3½ years. Defendant appeals and we affirm.
At the outset, we find that defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 557-563 [2019]; People v Sanders, 25 NY3d 337, 339-341 [2015]). County Court explained during the plea colloquy that defendant was expected to waive his right to appeal as a condition of the plea agreement, as well as the consequences of the waiver and what types of issues would survive it. County Court further explained that the appeal waiver was separate and distinct from the trial-related rights defendant would forfeit by pleading guilty. Defendant acknowledged that he understood the foregoing, as well as the detailed written waiver that he read, reviewed with counsel and executed in open court. We are accordingly satisfied that defendant's appeal waiver was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d at 339—341; People v Weidenheimer, 181 AD3d 1096, 1096-1097 [2020]).
Defendant's appeal waiver does not preclude his contention that the condition to comply with jail rules was not a component of his plea agreement and that, as a result, County Court could not enhance his sentence for violating it without first affording him an opportunity to withdraw his guilty plea (see People v Barnes, 177 AD3d 1168, 1169 [2019]; People v McDermott, 68 AD3d 1453, 1454 [2009]). There is no reason to believe that defendant preserved that argument, however, and he had ample opportunity to do so via an appropriate motion or objection when County Court provided the parties with documentation that defendant was found to have violated jail rules, heard their positions as to whether it remained bound by its sentencing commitment and then determined that it was not (see People v Mahoney, 142 AD3d 1224, 1225 [2016]; People v [*2]Walker, 127 AD3d 1506, 1506 [2015]). The record confirms, in any event, that defendant assented to the condition forming part of the plea agreement when he offered no objection after being advised of it at both the proceeding where he first attempted to plead guilty and the one where he successfully did so (see People v Radek, 202 AD2d 847, 849 [1994], lv denied 83 NY2d 914 [1994]; cf. People v McAllister, 216 AD2d 961, 961-962 [1995]). County Court was therefore free to impose an enhanced sentence despite the parties' position, reiterated on this appeal, that such was not warranted (see People v Farrar, 52 NY2d 302, 306 [1981]; People v Selikoff, 35 NY2d 227, 238 [1974]). Finally, County Court advised defendant of the consequences of violating the condition, and defendant's claim that the enhanced sentence was harsh and excessive is precluded by his appeal waiver as a result (see People v Brown, 163 AD3d 1269, 1271 [2018]; People v Bateman, 151 AD3d 1482, 1484 [2017], lv denied 31 NY3d 981 [2018]).
Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.