People v Richards (2021 NY Slip Op 03879)





People v Richards


2021 NY Slip Op 03879


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

111833
[*1]The People of the State of New York, Respondent,
v
Kristopher F. Richards, Appellant.

Calendar Date:May 7, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Jamie Biondolillo of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 26, 2019, convicting defendant upon his plea of guilty of the crime of felony driving while intoxicated.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with felony driving while intoxicated. Under the terms of the plea agreement, defendant was to plead guilty to this crime and be sentenced to a one-year period of interim probation, the successful completion of which would entitle him to withdraw his plea and plead guilty to driving while intoxicated as a misdemeanor, with one year credited toward a three-year probationary sentence. If defendant did not successfully complete the one-year period of interim probation, he faced a sentence of up to four years in prison. Under the terms of the plea agreement, he was also required to waive his right to appeal. Defendant entered his guilty plea, signed a written appeal waiver and began serving his period of interim probation. However, prior to the expiration of the one-year period, he violated various conditions. As a result, County Court sentenced defendant to 1 to 4 years in prison. Defendant appeals.
Defendant contends that his appeal waiver is invalid and, therefore, he is not foreclosed from challenging the sentence as harsh and excessive. Based upon our review of the record, we disagree. Defendant was clearly informed that the waiver of the right to appeal was a condition of the plea agreement and he indicated that he understood its terms. During the plea colloquy, County Court explained the rights that he was forfeiting as part of his guilty plea and differentiated the right to appeal as separate and distinct from those rights. The court then had defendant review the written waiver with his counsel in open court, which he signed after confirming that he understood its ramifications. Significantly, the written waiver specifically extended to any claim that the sentence was harsh and excessive. In view of the foregoing, defendant's waiver was knowing, intelligent and voluntary, and precludes his challenge to the severity of the sentence (see People v Thaxton, 191 AD3d 1166, 1167 [2021]; People v Peterkin, 156 AD3d 962, 962-963 [2017]). Even if defendant was not precluded from doing so, the record fails to disclose any abuse of discretion or extraordinary circumstances warranting a modification of the sentence in the interest of justice (see People v Capone 160 AD3d 1221, 1221 [2018], lv denied 31 NY3d 1146 [2018]).
Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.