People v Allen (2021 NY Slip Op 06115)





People v Allen


2021 NY Slip Op 06115


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

111218
[*1]The People of the State of New York, Respondent,
v
Donald B. Allen, Appellant.

Calendar Date:October 8, 2021

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland, for respondent.



Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered December 13, 2018, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.
In satisfaction of a nine-count indictment, defendant pleaded guilty to the reduced charge of attempted rape in the first degree and purportedly waived his right to appeal. County Court sentenced defendant, in accordance with the plea agreement, to a prison term of seven years followed by 10 years of postrelease supervision. Defendant appeals.
Defendant contends that his waiver of the right to appeal is invalid and, therefore, his challenge to the severity of the sentence is not foreclosed. Upon our review of the record, we disagree. Defendant was aware that the waiver of the right to appeal was a condition of the plea agreement. During the plea colloquy, County Court explained to defendant the nature of the appellate process and that he was giving up some, but not all, of his appellate rights, at which point defendant assured the court that he had no questions. Defendant also signed a written waiver of the right to appeal in open court and, upon inquiry by the court, acknowledged that he had reviewed it with counsel and understood its terms. Although the written appeal waiver stated that "the guilty plea and sentence will conclude [defendant's] case," we are unpersuaded that such statement is misleading as both the court and the written appeal waiver expressly noted certain appellate issues that survived the waiver of the right to appeal. We are satisfied that the record demonstrates that defendant made a knowing, voluntary and intelligent waiver of his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Ballester-Perez, 195 AD3d 1234, 1235 [2021], lv denied 37 NY3d 970 [2021]; People v Mirel, 194 AD3d 1198, 1199 [2021]; People v Daniels, 193 AD3d 1179, 1180 [2021]). Given the validity of the appeal waiver, defendant's challenge to the sentence imposed as harsh and excessive is foreclosed (see People v Parker, 196 AD3d 970, 971 [2021]; People v Richards, 195 AD3d 1248, 1248 [2021]).
Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.