People v Christy (2021 NY Slip Op 07033)





People v Christy


2021 NY Slip Op 07033


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

111876
[*1]The People of the State of New York, Respondent,
v
Richard A. Christy, Appellant.

Calendar Date:November 12, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Dillon Bullard of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered September 16, 2019, convicting defendant upon his plea of guilty of the crime of aggravated family offense (three counts).
Defendant pleaded guilty to three counts of aggravated family offense in satisfaction of a seven-count indictment and purportedly waived the right to appeal. The terms of the plea agreement required that defendant successfully complete inpatient treatment, after which he would be placed on interim probation for a period of one year. Upon successfully completing the interim probation, the terms of the plea agreement provided that defendant would be sentenced to five years of probation. According to the plea agreement, if defendant failed to comply with the terms of the agreement or interim probation, he could be sentenced to up to eight years in prison. After completing the inpatient treatment, defendant violated the terms of his interim probation and County Court sentenced him to concurrent prison terms of 1 to 3 years on two of the convictions, and to 1 to 3 years in prison on the other conviction, with the latter sentence to run consecutively to the concurrent sentences. Defendant appeals.
We affirm. Contrary to defendant's contention, his waiver of the right to appeal was valid. The record reflects that defendant was advised that a waiver of the right to appeal was a condition of the plea agreement. County Court further advised defendant that the right to appeal was separate and distinct from the rights automatically forfeited by a guilty plea and that certain issues survive the waiver, and defendant confirmed his understanding thereof. Defendant also executed a written waiver after conferring with counsel and affirming that he understood its contents. Accordingly, and as we discern no other infirmities of the waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]), we find that defendant's appeal waiver was knowing, intelligent and voluntary (see People v Mirel, 194 AD3d 1198, 1199 [2021]; People v Andino, 185 AD3d 1218, 1218-1219 [2020], lvs denied 35 NY3d 1110, 1116 [2020]). Defendant's valid appeal waiver precludes his claim that the sentence is harsh and excessive (see People v Richards, 195 AD3d 1248, 1248 [2021]; People v Weir, 155 AD3d 1190, 1191 [2017]).
Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.