People v Whitton (2022 NY Slip Op 00479)





People v Whitton


2022 NY Slip Op 00479


Decided on January 27, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 27, 2022

112036
[*1]The People of the State of New York, Respondent.
v
Leland A. Whitton, Appellant.

Calendar Date:December 30, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Alexander V. Nichols of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered October 30, 2019, convicting defendant upon his plea of guilty of the crime of intimidating a victim or witness in the third degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with intimidating a victim or witness in the third degree. Defendant thereafter executed a waiver of the right to appeal and pleaded guilty to intimidating a victim or witness in the third degree, in full satisfaction of the superior court information and other pending charges and uncharged crimes arising out of the same events. Thereafter, County Court sentenced defendant to a prison term of 1&frac13; to 4 years and issued a permanent no-contact order of protection in favor of the victim. Defendant appeals.
We affirm. Contrary to defendant's contention, his waiver of the right to appeal was valid. The record demonstrates that defendant was advised that a waiver of the right to appeal was a condition of the plea agreement. County Court further advised defendant that the right to appeal was separate and distinct from the rights automatically forfeited by a guilty plea and that certain issues survive the waiver, and defendant confirmed his understanding thereof. Defendant also executed a written waiver after conferring with counsel and affirming that he understood its contents. Accordingly, and as we discern no other infirmities of the waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]), we find that defendant's appeal waiver was knowing, intelligent and voluntary (see People v Christy, 200 AD3d 1322, ___, 155 NYS3d 384, 384 [2021]; People v Richards, 195 AD3d 1248, 1248 [2021]; People v Wilson, 194 AD3d 1195, 1196 [2021]). Defendant's valid appeal waiver precludes his claim that the sentence is harsh and excessive (see People v Richards, 195 AD3d at 1248; People v Weir, 155 AD3d 1190, 1191 [2017]).
Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.