People v Lapoint (2022 NY Slip Op 00478)





People v Lapoint


2022 NY Slip Op 00478


Decided on January 27, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 27, 2022

111941
[*1]The People of the State of New York, Respondent,
v
Peggy A. Lapoint, Appellant.

Calendar Date:December 30, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.

Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Joshua A. Haberkornhalm of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered October 3, 2019, convicting defendant upon her plea of guilty of the crime of grand larceny in the third degree.
In satisfaction of a two-count indictment stemming from defendant's misappropriation of funds from her daughter's special needs trust, defendant pleaded guilty to the reduced charge of grand larceny in the third degree and agreed to waive her right to appeal. County Court sentenced defendant pursuant to the terms of the plea agreement to a prison term of 20 to 60 months. In addition, and independent of the terms of the plea agreement, the court, notwithstanding defendant's objection, issued a permanent order of protection prohibiting harassment and certain other behavior by defendant against the daughter. Defendant appeals.
Defendant contends that the waiver of the right to appeal is invalid and, therefore, she is not precluded from challenging the sentence as harsh and excessive. We disagree. Defendant was informed that the waiver of the right to appeal was a condition of the plea agreement. County Court explained, and defendant acknowledged that she understood, that the waiver of the right to appeal was separate and distinct from the rights defendant was forfeiting as a result of the guilty plea and informed her that certain appellate rights survived the waiver. In addition, defendant then read and executed a detailed written appeal waiver that specifically extended to any claim that the sentence is harsh or excessive and affirmed that she had reviewed it with counsel and understood its contents. In view of the foregoing, we find that defendant knowingly, voluntarily and intelligently waived her right to appeal and, therefore, her challenge to the severity of the sentence imposed is precluded (see People v Richards, 195 AD3d 1248, 1248 [2021]; People v Wilson, 194 AD3d 1195, 1196 [2021]).
We also find that defendant's contention that County Court abused its discretion in issuing the order of protection at the time of sentencing — a challenge that, under the circumstances, is not precluded by the appeal waiver (see People v Moncrieft, 168 AD3d 982, 985 [2019], lv denied 33 NY3d 951 [2019]) — is without merit. The record belies defendant's contention that the reason for issuing the order of protection was not set forth by the court (see CPL 530.12 [5]). The court specifically noted that it was imposing the no harassment order of protection to prevent defendant from unreasonably interfering with her daughter's everyday life. To the extent that defendant contends that the court should have held a hearing prior to issuing the order of protection, we note that defendant did not request such a hearing.
Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.