People v Champion-Barse (2022 NY Slip Op 00475)





People v Champion-Barse


2022 NY Slip Op 00475


Decided on January 27, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 27, 2022

111231
[*1]The People of the State of New York, Respondent,
v
Leanne M. Champion-Barse, Appellant.

Calendar Date:December 30, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 6, 2019, convicting defendant upon her plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
Defendant waived indictment and, in satisfaction of a superior court information, pleaded guilty to the reduced charge of attempted criminal possession of a controlled substance in the third degree. As part of the plea agreement, defendant was required to waive her right to appeal. County Court sentenced defendant, as a second felony drug offender, to five years in prison, to be followed by three years of postrelease supervison, with the sentence to run consecutively to any undischarged term of imprisonment. Defendant appeals.
We affirm. Contrary to defendant's contention, her waiver of the right to appeal is valid. Defendant was advised at the outset of the plea proceeding that an appeal waiver was a condition of the plea agreement and she indicated that she understood. County Court explained that the right to appeal was separate and distinct from the trial-related rights that she was forfeiting by pleading guilty and what types of issues would survive the appeal waiver. Defendant then executed a written waiver in open court, after reviewing it with counsel and acknowledging that she understood its ramifications. Discerning no infirmities in the combined oral and written waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]), we conclude that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (see People v Wilson, 194 AD3d 1195, 1196 [2021]; People v Pribble, 190 AD3d 1194, 1195 [2021]). The valid appeal waiver precludes our review of defendant's challenge to the severity of her sentence (see People v Parker, 196 AD3d 970, 971 [2021]; People v Mirel, 194 AD3d 1198, 1199 [2021]).
Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.