People v Hall (2022 NY Slip Op 02583)

People v Hall

2022 NY Slip Op 02583

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

111814
[*1]The People of the State of New York, Respondent,
v
David Hall, Appellant.

Calendar Date:March 18, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Michael Abbruzzese of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 12, 2019, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
After defendant was charged by indictment with promoting prison contraband in the first degree, he agreed to plead guilty to the reduced charge of attempted promoting prison contraband in the first degree with the understanding that he would be sentenced as a second felony offender to a prison term of 1½ to 3 years — said sentence to be served consecutively to the one he was then serving. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the agreed-upon term of imprisonment. This appeal ensued.
We affirm. County Court explained that the waiver of the right to appeal was separate and distinct from the trial-related rights that defendant was forfeiting by pleading guilty and, further, delineated those rights that would survive the appeal waiver (see People v Lapoint, 201 AD3d 1258, 1258 [2022]; People v Christy, 200 AD3d 1322, 1323 [2021]). After conferring with counsel, defendant signed a written appeal waiver in open court and assured County Court that he had read the waiver, understood its contents, had been afforded an opportunity to confer with counsel, had no questions regarding the appellate rights that he was relinquishing and was willing to waive his right to appeal (see People v Whitton, 201 AD3d 1259, 1259 [2022]; People v Wickwire, 166 AD3d 1170, 1171 [2018], lv denied 32 NY3d 1211 [2019]). Under these circumstances, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Christy, 200 AD3d at 1323; People v Wickwire, 166 AD3d at 1171). In light of the valid appeal waiver, defendant's challenge to the severity of the agreed-upon sentence, which we note was the minimum legally permissible period of incarceration that could be imposed for a second felony offender convicted of a class E felony (see Penal Law §§ 70.06 [3] [e]; [4] [b]; 110.00, 202.25 [2]), is precluded (see People v Christy, 200 AD3d at 1322).
Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.