People v King (2022 NY Slip Op 03772)

People v King

2022 NY Slip Op 03772

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

112000
[*1]The People of the State of New York, Respondent,
v
Randy King, Also Known as Randy N. King, Appellant.

Calendar Date:May 20, 2022

Before:Garry, P.J., Lynch, Clark, Colangelo and McShan, JJ.

Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Dillon Bullard of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered October 30, 2019, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
In satisfaction of a three-count indictment, defendant pleaded guilty to the reduced charge of attempted criminal possession of a controlled substance in the third degree and purportedly waived his right to appeal. County Court sentenced defendant, as a second felony drug offender, to the agreed-upon sentence of four years in prison followed by two years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, his waiver of the right to appeal is valid. The record reflects that defendant was aware that the waiver of the right to appeal was a condition of the plea agreement. County Court advised defendant that the appeal waiver was separate and distinct from the rights automatically forfeited by the guilty plea and that certain issues survived, which defendant acknowledged he understood. Defendant also executed a written appeal waiver after conferring with counsel, and assured the court that he had read it, understood its contents and was voluntarily waiving his right to appeal. Accordingly, as the record reflects no infirmities in the combined oral and written waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]), we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Whitton, 201 AD3d 1259, 1259-1260 [2022]; People v Champion-Barse, 201 AD3d 1255, 1255 [2022]). Defendant's valid appeal waiver, which we note specifically extended to any argument that the sentence is harsh and excessive, precludes our review of defendant's challenge to the severity of the sentence imposed (see People v Whitton, 201 AD3d at 1260; People v Lapoint, 201 AD3d 1258, 1258 [2022], lv denied NY3d ___ [Apr. 21, 2022]).
Garry, P.J., Lynch, Clark, Colangelo and McShan, JJ., concur.
ORDERED that the judgment is affirmed.