People v Burnham (2022 NY Slip Op 04053)

People v Burnham

2022 NY Slip Op 04053

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

111834
[*1]The People of the State of New York, Respondent,
v
Donald D. Burnham, Appellant.

Calendar Date:June 1, 2022

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Dominik E. Maida of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered September 16, 2019, convicting defendant upon his plea of guilty of the crime of attempted aggravated sexual abuse in the second degree.
Defendant was charged by indictment with aggravated sexual abuse in the second degree, two counts of criminal sexual act in the first degree and forcible touching. Several felony complaints were also issued against defendant for, among other things, possessing a sexual performance by a child. In satisfaction of the indictment and all other open investigations, defendant pleaded guilty to a reduced count of attempted aggravated sexual abuse in the second degree. In accordance with the plea agreement, defendant executed a written waiver of appeal. Defendant stated during his presentence interview with the Probation Department that the sexual acts that had occurred between him and the victim were consensual. County Court subsequently gave defendant an opportunity to withdraw his plea. However, following a one-week adjournment, defendant reiterated that he wished to plead guilty and was retracting his statements made to the Probation Department during the presentence interview about his lack of culpability. Defendant was sentenced in accordance with the plea agreement to seven years of incarceration to be followed by 10 years of postrelease supervision. Defendant appeals.
We affirm. Initially, we find that defendant's appeal waiver is valid. County Court advised defendant of his right to appeal, that it was separate and distinct from the rights automatically forfeited by a guilty plea and that certain issues survive the waiver, and defendant confirmed his understanding thereof (see People v Whitton, 201 AD3d 1259, 1259 [2022]; People v Lapoint, 201 AD3d 1258, 1258 [2022], lv denied 38 NY3d 1008 [2022]). As such, defendant's challenge to his sentence is foreclosed (see People v Nack, 200 AD3d 1197, 1199 [2021], lv denied 38 NY3d 1009 [2022]). Further, although defendant's contention that his plea was not knowing, intelligent or voluntary because County Court did not reaffirm that defendant acted with forcible compulsion survives his appeal waiver (see People v Jean-Pierre, 203 AD3d 1226, 1228 [2022], lv denied ___ NY3d ___ [May 26, 2022]), this challenge is unpreserved because defendant did not make an appropriate postallocution motion despite having time to do so prior to sentencing (see People v Pompey, 203 AD3d 1411, 1412 [2022], lv denied 38 NY3d 1009 [2022]; People v Williams, 203 AD3d 1398, 1399 [2022], lv denied ___ NY3d ___ [May 16, 2022]). The narrow exception to the preservation requirement does not apply since "defendant did not make any statements during the plea colloquy that were inconsistent with his guilt, negated an essential element of the charged crime or otherwise called into question the voluntariness of his plea" (People v Pompey, 203 AD3d at 1412). Defendant's unsworn statements to the Probation [*2]Department were insufficient "to trigger further inquiry by County Court," especially where, as here, defendant did not reiterate his claim at the time of sentencing and in fact specifically retracted it (People v Wood, 203 AD3d 1406, 1407 [2022]; see People v Rosario, 203 AD3d 1404, 1405 [2022], lv denied ___ NY3d ___ [May 31, 2022]; People v Blankenbaker, 197 AD3d 1353, 1355 [2021]). In any event, the court offered defendant an opportunity to withdraw his plea, which he ultimately rejected (see generally People v Dickerson, 198 AD3d 1190, 1194 [2021]).
Clark, J.P., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.