People v Wiggins (2022 NY Slip Op 04665)

People v Wiggins

2022 NY Slip Op 04665

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

111711
[*1]The People of the State of New York, Respondent,
v
Lamar S. Wiggins, Appellant.

Calendar Date:June 17, 2022

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Dillon Bullard of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered April 8, 2019, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree (two counts).
In satisfaction of a six-count indictment, defendant agreed to plead guilty to two counts of criminal sale of a controlled substance in the third degree, with the understanding that he would be placed on interim probation pending sentencing. Pursuant to the plea agreement, upon successful completion of the interim probation, defendant would be entitled to withdraw his plea and plead guilty to attempted criminal sale of a controlled substance in the third degree and receive a sentence of four years in prison, to be followed by three years of postrelease supervision. Defendant was advised that, if he did not successfully complete the period of interim probation, he faced a sentence of up to 24 years in prison, to be followed by three years of postrelease supervision. The terms of the plea agreement also required defendant to waive his right to appeal. Prior to sentencing, defendant violated various conditions of his interim probation. After being returned on a warrant, County Court sentenced defendant, as a second felony drug offender, to an aggregate prison term of eight years, to be followed by three years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, his waiver of the right to appeal is valid. Defendant was advised at the outset of the plea colloquy that an appeal waiver was a condition of the plea agreement. County Court explained that the right to appeal is separate and distinct from the rights automatically forfeited by a guilty plea and further delineated those rights that would survive the appeal waiver (see People v Whitton, 201 AD3d 1259, 1259-1260 [2022]; People v Christy, 200 AD3d 1322, 1323 [2021]). Defendant also signed the written appeal waiver in open court and assured County Court that he had read the waiver, discussed it with counsel and understood its contents. Under these circumstances, we are satisfied that defendant knowingly, intelligently and voluntarily waived the right to appeal (see People v Champion-Barse, 201 AD3d 1255, 1255 [2022]; People v Richards, 195 AD3d 1248, 1248 [2021], lv denied 38 NY3d 953 [2022]). In light of the valid appeal waiver, and given that defendant was informed of the maximum sentence that could be imposed if he failed to successfully complete interim probation, defendant's challenge to his sentence as harsh and excessive is precluded (see People v Gilliam, 162 AD3d 1413, 1414 [2018], lv denied 32 NY3d 1064 [2018]; People v Savage, 158 AD3d 854, 855-856 [2018]; People v Peterkin, 156 AD3d 962, 963 [2017]).
Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.