People v LaPage (2022 NY Slip Op 04667)

People v LaPage

2022 NY Slip Op 04667

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

111824
[*1]The People of the State of New York, Respondent,
v
Danelle C. LaPage, Appellant.

Calendar Date:June 17, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 22, 2019, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In full satisfaction of the charges against her, defendant agreed to plead guilty to one count of criminal possession of a controlled substance in the third degree with the understanding that she would apply for admission into a judicial diversion program for drug treatment. Pursuant to the terms of the plea agreement, if defendant successfully completed the judicial diversion program, she would be placed on probation for five years; if defendant was accepted into the program but failed to complete it, sentencing would be left to County Court's discretion. County Court specifically advised defendant that, should she fail to successfully complete the program, she could be sentenced up to 12 years in prison followed by three years of postrelease supervision. The plea agreement also required defendant to waive her right to appeal. Defendant pleaded guilty in conformity with the plea agreement, was accepted into the judicial diversion program and executed a contract governing her participation therein.
When defendant failed to enter inpatient treatment as required by the terms of the contract, a bench warrant was issued, and defendant was charged with violating the terms and conditions of the program. Once defendant was in custody, County Court remanded her to the local jail, at which time defendant tested positive for various controlled substances and was charged with additional crimes in connection therewith. In satisfaction of both the violation petition and other pending charges, defendant admitted violating the terms of the judicial diversion program, and County Court thereafter sentenced defendant — as a second felony drug offender with a prior violent felony conviction — to a prison term of seven years followed by three ears of postrelease supervision.[FN1] This appeal ensued.
We affirm. To the extent that defendant's brief may be read as challenging the validity of her waiver of the right to appeal, we note that County Court explained the separate and distinct nature of the right to appeal and, further, delineated those appellate rights that would survive such waiver (see People v Lapoint, 201 AD3d 1258, 1258 [2022], lv denied 38 NY3d 1008 [2022]; People v Rivera, 201 AD3d 1132, 1133 [2022]). Additionally, defendant executed a detailed written waiver in open court after conferring with counsel and, in response to County Court's inquiries, confirmed that she had read the written waiver, understood its contents and had no questions relative thereto (see People v Hall, 204 AD3d 1228, 1228 [2022]; People v Rivera, 201 AD3d at 1133). As we discern no other infirmities in the waiver, we are satisfied that defendant knowingly, intelligently and voluntarily waived her right to appeal. As to the applicability [*2]of the waiver, the record reflects that defendant was expressly advised of the maximum term of imprisonment that could be imposed should she fail to abide by the terms and conditions of the plea agreement and successfully complete the judicial diversion program. Under these circumstances, defendant's valid appeal waiver precludes any challenge to the severity of the resulting sentence imposed (see People v Daoust, 178 AD3d 1420, 1420-1421 [2019], lv denied 35 NY3d 969 [2020]; People v Savage, 158 AD3d 854, 855-856 [2018]; People v Deprosperis, 132 AD3d 692, 693 [2015], lv denied 26 NY3d 1108 [2016]; see also People v Mateo, 166 AD3d 1246, 1247 [2018], lv denied 32 NY3d 1207 [2019]; People v Hutchison, 151 AD3d 1481, 1482 [2017]).
Egan Jr., J.P., Aarons, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: 1 We note that the parties incorrectly refer to the imposition of the sentence as a resentence.