People v Blackburn (2022 NY Slip Op 06517)

People v Blackburn

2022 NY Slip Op 06517

Decided on November 17, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 17, 2022

112191
[*1]The People of the State of New York, Respondent,
v
Jessica M. Blackburn, Appellant.

Calendar Date:October 11, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and Fisher, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland, for respondent.

Fisher, J.
(1) Appeal from a judgment of the County Court of Cortland County (Julie A. Campbell, J.), rendered July 18, 2019, convicting defendant upon her plea of guilty of the crime of attempted assault in the first degree, and (2) motion to strike certain portions of the People's brief.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging her with attempted assault in the first degree. The charge stemmed from an incident wherein defendant stabbed her former paramour, with whom she had a child, in the neck with a folding knife. Following negotiations, defendant agreed to plead guilty to the charged crime with the understanding that her sentence would be capped at eight years followed by five years of postrelease supervision and that she could argue for leniency at the time of sentencing. The plea agreement also required defendant to waive her right to appeal. Defendant pleaded guilty in conformity with the agreement, and the matter was adjourned for sentencing.
Prior to sentencing in July 2019, County Court, which also had presided over various Family Court proceedings involving defendant and her former paramour, provided the People and defense counsel with copies of certain orders entered in connection therewith. Those documents, together with a handwritten letter from defendant, the presentence investigation report and defendant's statement to law enforcement, were considered by the parties and County Court at sentencing. In conjunction therewith, the court recounted defendant's history as a victim of domestic violence and heard arguments from the Assistant District Attorney and defense counsel, both of whom requested that the court impose the minimum term of imprisonment for a second felony offender convicted of a class C violent felony, which ordinarily would be five years (see Penal Law §§ 70.06 [6] [b]; 110.00, 120.10 [1]).
When afforded an opportunity to speak, defendant indicated that she was dissatisfied with counsel's services but nonetheless expressed a desire to proceed with sentencing. In so doing, defendant argued that, as a victim of domestic violence, she should be afforded "a different standard of sentencing" — potentially a veiled reference to the provisions of Penal Law § 60.12 (effective May 14, 2019), which permits a sentencing court, upon finding that certain criteria have been met, to impose an alternative sentence for victims of domestic violence (see Penal Law § 60.12 [8] [b]). After undertaking what defendant characterizes as "the equivalent of a Penal Law § 60.12 hearing at the time of sentencing," County Court sentenced defendant as a second felony offender to a prison term of five years followed by five years of postrelease supervision. This appeal ensued.
We affirm. To be sure, County Court's oral waiver colloquy neither utilized the words "separate and distinct" nor delineated the appellate review that would survive defendant's waiver of the right to appeal. That said[*2], defendant was aware that a waiver of the right to appeal was a term and condition of her plea agreement, and the written waiver that defendant executed in open court after conferring with counsel both explained that the waiver of appeal was separate from the trial-related rights that defendant would be forfeiting by pleading guilty and recited the appellate issues that were not encompassed by the waiver. In response to County Court's questioning, defendant indicated that she had discussed the written waiver with counsel and understood its contents. Inasmuch as the written waiver was identical to — and County Court's oral waiver colloquy was substantially similar to — the waiver that this Court deemed to be valid in People v Allen (199 AD3d 1127 [3d Dept 2021], lv denied 38 NY3d 925 [2022]), People v Eaton (182 AD3d 922 [3d Dept 2020]) and People v Crawford (181 AD3d 1057 [3d Dept 2020]), we are satisfied that defendant knowingly, intelligently and voluntarily waived her right to appeal (see id. at 1058-1059). In light of the valid appeal waiver, defendant's claim that the sentence imposed is unduly harsh or severe is precluded (see People v LaPage, 207 AD3d 950, 951-952 [3d Dept 2022]).
Finally, defendant has moved to strike the People's brief on appeal, or specific portions thereof, that purportedly reference information outside the record. To the extent that the People's brief contains references to facts that are not either a matter of public record or otherwise reflected in the presentence investigation report and accompanying documents, this Court has ignored such references and has based its conclusions solely upon the materials appearing in the record on appeal. Accordingly, defendant's motion to strike is denied (see generally Matter of McMillian v Krygier, 197 AD3d 800, 800 n 1 [3d Dept 2021]).
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.
ORDERED that the motion is denied.