People v Little (2024 NY Slip Op 04493)

People v Little

2024 NY Slip Op 04493

Decided on September 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 19, 2024

113340
[*1]The People of the State of New York, Respondent,
v
Kenneth W. Little, Appellant.

Calendar Date:August 30, 2024

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland, for respondent.

Appeal from a judgment of the County Court of Cortland County (David C. Alexander, J.), rendered June 15, 2021, convicting defendant upon his plea of guilty of the crime of rape in the third degree.
In full satisfaction of a four-count indictment, defendant agreed to plead guilty to rape in the third degree with the understanding that he would be sentenced, as a second felony offender, to a prison term of four years, to be followed by 15 years of postrelease supervision. The charges stemmed from an incident wherein defendant, then nearly 36 years old, had intercourse with a 15-year-old girl. The plea agreement, which required defendant to waive his right to appeal, also satisfied an outstanding violation of probation for which defendant would receive a concurrent period of incarceration. Defendant pleaded guilty in accordance with the plea agreement, and County Court imposed the agreed-upon sentence. This appeal ensued.
Although defendant was aware that the waiver of the right to appeal was a condition of his plea agreement, County Court did not engage in any oral colloquy explaining either the separate and distinct nature of the waiver or the ramifications thereof. Similarly, although defendant apparently executed a written waiver of appeal at some point, County Court did not ask defendant if he had read the waiver, understood its contents and had been afforded an opportunity to confer with counsel regarding its terms (compare People v Blackburn, 210 AD3d 1238, 1239-1240 [3d Dept 2022]; People v Allen, 199 AD3d 1127, 1128 [3d Dept 2021], lv denied 38 NY3d 925 [2022]). Accordingly, we find that defendant did not knowingly, intelligently and voluntarily waive his right to appeal; as such, defendant's challenge to the severity of his sentence is not precluded (see People v Collins, 226 AD3d 1257, 1258 [3d Dept 2024]). That said, upon due consideration of the relevant factors, and despite the fact that defendant was sentenced to the maximum term of imprisonment and period of postrelease supervision that may be imposed for a class E felony sex offense (see Penal Law §§ 70.80 [4] [a] [iv]; 70.45 [2-a] [a]), we do not find the agreed-upon sentence to be unduly harsh or severe (see CPL 470.15 [6] [b]). Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.