People v Lashway
2026 NY Slip Op 04006
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Dominick Lashway, Appellant.

Decided and Entered:June 25, 2026
CR-23-1422
Calendar Date: May 22, 2026
Before: Aarons, J.P., Ceresia, Fisher, Powers And Ryba, JJ.

Adam G. Parisi, Schenectady, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

[*1]
Appeal from a judgment of the County Court of Washington County (Kelly McKeighan, J.), rendered November 18, 2022, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant and two codefendants were charged in a 26-count indictment with various offenses relating to a home invasion that occurred in December 2021. In full satisfaction of the charges against him, defendant pleaded guilty to burglary in the second degree and waived his right to appeal. Under the terms of the plea agreement, defendant was to be sentenced, as a second felony offender, to seven years in prison, to be followed by five years of postrelease supervision. In exchange, defendant committed to cooperating with the People in the prosecution against his two codefendants. County Court advised defendant that if he failed to comply with such conditions, an enhanced sentence up to 15 years in prison could be imposed. At sentencing, County Court found that defendant had not fulfilled his obligation under the plea agreement and sentenced him, as a second felony offender, to 14 years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, his waiver of the right to appeal is valid. County Court advised defendant that the right to appeal was separate and distinct from the rights automatically forfeited by a guilty plea and that, by waiving the right to appeal, he would retain certain appellate rights, and defendant affirmed his understanding thereof (see People v Carota, 235 AD3d 1069, 1070 [3d Dept 2025], lv denied 43 NY3d 962 [2025]; People v Leroux, 234 AD3d 1214, 1214 [3d Dept 2025] [upholding the waiver of appeal by one of defendant's codefendants]). Defendant also executed a comprehensive written waiver, which expressly outlined certain appellate issues that survive the waiver, and he assured County Court that he had reviewed the waiver with counsel, understood its contents and had no questions for counsel concerning the waiver (see People v Carota, 235 AD3d at 1070; People v Leroux, 234 AD3d at 1214).As such, we conclude that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019]; People v Leroux, 234 AD3d at 1214). "Inasmuch as defendant had been advised of the maximum potential sentence that could be imposed if he failed to abide by the conditions of the plea agreement, his challenge to the [enhanced] sentence as harsh and excessive is precluded by his valid appeal waiver" (People v Mateo, 166 AD3d 1246, 1247 [3d Dept 2018] [citations omitted], lv denied 32 NY3d 1207 [2019]; see People v LaPage, 207 AD3d 950, 951-952 [3d Dept 2022]).
Aarons, J.P., Ceresia, Fisher, Powers and Ryba, JJ., concur.
ORDERED that the judgment is affirmed.